IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CHRISTEL R.[1],                                   )
                                                  )
        Plaintiff,                                )
                                                  )
v.                                                )       Civil Action No. 7:20-cv-00378
                                                  )
KILOLO KIJAKAZI, Acting                           )       By:  Elizabeth K. Dillon
   Commissioner, Social Security                  )            United States District Judge
   Administration,                                )
                                                  )
        Defendant.                                )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christel R. brought this action for review of the final decision made by

defendant, Commissioner of the Social Security Administration, denying her application for

disability insurance benefits under the Social Security Act.  (Compl., Dkt. No. 2.)  Plaintiff and

the Commissioner moved for summary judgment (Dkt. Nos. 22, 26), and pursuant to 28 U.S.C.

§ 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a

report and recommendation (R&R).  On January 5, 2022, the magistrate judge issued his R&R,

finding that substantial evidence supported the Commissioner's decision.  (R&R, Dkt. No. 28.)

Plaintiff filed objections on January 19, 2022.  (Dkt. No. 29.)  The Commissioner filed her

response on February 2, 2022.  (Dkt. No. 30.)

After de novo review of the pertinent portions of the record, the report, and the filings by

the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's

recommendation.  Accordingly, the court will grant the Commissioner's motion for summary

---

[1]  Due to privacy concerns, the court is adopting the recommendation of the Committee on Court
Administration and Case Management of the Judicial Conference of the United States that courts only use the first
name and last initial of the claimant in social security opinions.

judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's

decision.

## I.  BACKGROUND[2]

Plaintiff filed for Disability Insurance Benefits (DIB) in April 2016, claiming that her

disability began on January 5, 2013, due to rheumatoid arthritis (RA), asthma, low back pain

hypothyroidism, and anxiety and depression.  (Tr. 236, 246.)  The Administrative Law Judge

(ALJ) held a hearing on October 31, 2018, and a supplemental hearing on August 16, 2019.  (Tr.

15.)   On June 11, 2019, the ALJ issued a decision finding that plaintiff was not entitled to DIB.

(Tr. 25–38.)

The ALJ found that plaintiff had severe impairments of cervical herniation status-post

fusion, lumbar degenerative disc disease, RA, obesity, asthma, left ankle fracture, major

depressive disorder, generalized anxiety disorder, panic disorder, and somatic symptom disorder.

(Tr. 28.)  The ALJ concluded that these impairments, either individually or in combination, did

not meet or medically equal a listed impairment.  (Tr. 28.)

The ALJ found that plaintiff had the residual functional capacity (RFC) to perform a

limited range of light work.  (Tr. 31.)  Specifically, the ALJ found that:

> [Plaintiff] could perform occasional postural activities but cannot
> crawl or climb ladders, ropes, and scaffolds.  The [plaintiff] could
> perform occasional pushing and pulling with the upper extremities.
> She can perform frequent reaching, handling, and fingering, but
> occasional overhead reaching.   The claimant should avoid
> concentrated exposure to extreme heat, humidity, pulmonary
> irritants, and industrial hazards.   The claimant can understand,
> remember and carry out simple instructions and perform simple one
> or two-step repetitive tasks.  The [plaintiff] can adapt to occasional
> changes in the customary workplace and is expected to be off task
> less than 10% of the workday.

---

[2] The court adopts the recitation of facts and procedural background as set forth in the report.  (R&R 3–5.)

(Tr. 31.)   The ALJ concluded that while plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms…the [plaintiff's] statements concerning the intensity, persistence and limiting effects" of those symptoms were not entirely consistent with the evidence in the record.  (Tr. 32.)  The ALJ determined plaintiff was unable to perform her past relevant work as a teacher aide or secretary; however, the ALJ determined that plaintiff was capable to work in jobs such as mail clerk, office helper, and library shelving clerk, which all exist in significant numbers in the national economy.  (Tr. 37.)

## II.  DISCUSSION

### A.  Standard of Review

This court's review of the ALJ's underlying decision is limited.  *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019). Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made.  Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*,

447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); *see also Hammack v. Berryhill*, Civil Action No. 7:16cv00314, 2017 WL 4203545, at *2 (W.D. Va. Sept. 21, 2017) ("A plaintiff who reiterates her previously raised arguments will not be given 'the second bite at the apple she seeks'; instead, her re-filed brief will be treated as a general objection, which as the same effect as would a failure to object.") (quoting *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008)).

## B. Objections to the R&R

In her summary judgment brief, plaintiff argued that the ALJ's assessment of her mental impairments, physical RFC, and subjective allegations were not supported by substantial evidence.  (*See* Pl.'s Mem. in Supp. of Mot. for Summ. J., Dkt. No. 23.)  In many if not most respects, plaintiff's objections to the R&R are a restatement of her summary judgment arguments; however, the court will address the following objection.

Plaintiff argues that the R&R erred in concluding that the ALJ included the proper narrative regarding plaintiff's ability to stand, walk, and manipulate objects and adequately explained his consideration of a consultative examiner's medical opinion regarding the same. The ALJ noted that plaintiff testified at the October 2018 hearing that she "used a cane or a motorized cart when shopping," and "could sit for 15 minutes at a time and stand for 15 to 20 minutes" along with exacerbated pain when performing chores.  (Tr. 32.)  When the ALJ considered the consultative examiner, Dr. Shawne Bryant, who opined that plaintiff "would be able to sit, stand, and walk at least 20 to 30 minutes at a time, being limited due to joint and back pain and obesity," and could be expected to sit a total of six hours and stand and walk a total of two to three hours, the ALJ gave Dr. Bryant's opinion "less weight" because the limitations were "inconsistent with the treatment notes and history of conservative treatment."  (Tr. 35, 517.) Further, the ALJ noted that Bryant's report questioned the plaintiff's effort.  (Tr. 35.) Ultimately, the ALJ found the plaintiff capable of light work with no further limitations on standing, walking, or manipulating objects.

The ALJ's assessment regarding plaintiff's physical RFC and his consideration of Dr. Bryant's opinion are supported by substantial evidence.  The ALJ's decision provides a full picture of plaintiff's medical history, including her cervical spine and left ankle surgeries, and

points to specific evidence to support the limitations imposed, including treatment notes that consistently demonstrate that plaintiff's impairments were improving. Further, Dr. Bryant did question plaintiff's effort during the consultative exam despite concluding plaintiff provided good effort. Ultimately, Dr. Bryant found plaintiff's "credibility was questionable as to the severity of her alleged complaints." The ALJ in this case did not "dredge[] up specious inconsistencies or fail[] to give a sufficient reason for the weight" he afforded Dr. Bryant's opinion. *Dunn v. Colvin*, 607 F. App'x 264, 267 (4th Cir. 2015). Therefore, it is not for this court to disturb the ALJ's determination as to the weight assigned to Dr. Bryant's opinion. *Id.*

It is worth noting that in *Lewis v. Berryhill* the Fourth Circuit found that an ALJ improperly "play[ed] doctor" by mischaracterizing a plaintiff's treatment history as conservative. 858 F.3d 858, 869 (4th Cir. 2017). In that case, the plaintiff's course of treatment involved multiple surgeries along with "powerful analgesics, including Fentanyl and Oxycodone," a lumbar epidural injection, multiple nerve blocks, and a nerve ablation. *Id.* In this case, while plaintiff's surgeries themselves are not properly characterized as conservative, her course of treatment following her surgeries was conservative. *See Tina W. v. Saul*, No. 4:19-CV-00024, 2020 WL 6268533, at *8 (W.D. Va. Oct. 22, 2020). After plaintiff's surgeries in 2013, which were successful, plaintiff's course of treatment included intermittent physical therapy and management with NSAIDs, which distinguish her case from the plaintiff in *Lewis*. Plaintiff's "course of treatment following [her surgeries] supported the ALJ's conclusion that [she] had received conservative treatment." *Smith v. Saul*, No. 3:18-CV-783, 2020 WL 430779, at *3 (E.D. Va. Jan. 28, 2020). Thus, the ALJ's assessment was supported by substantial evidence.

## III.  CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards.  Accordingly, it is hereby ORDERED as follows:

1.  The R&R (Dkt. No. 28) is ADOPTED;

2.  Plaintiff's objections (Dkt. No. 29) are OVERRULED;

3.  Plaintiff's motion for summary judgment (Dkt. No. 22) is DENIED;

4.  The Commissioner's motion for summary judgment (Dkt. No. 26) is GRANTED; and

5.  The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: March 29, 2022.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge